OFFICE OF DISCIPLINARY
COUNSEL, Petitioner,

v.

Todd Andrew MILLER, Respondent.

No. 5, Disciplinary Docket No. 3.
Nos. 31 DB 90 and 107 DB
91 Disciplinary Board.

Supreme Court of Pennsylvania.

Jan. 21, 1994.

*ORDER*

PER CURIAM:

AND NOW, this 21st day of January, 1994,
upon consideration of the Report and Recommendations of the Disciplinary Board dated
November 4, 1993, it is hereby

ORDERED that TODD ANDREW MILLER be and he is DISBARRED from the
Bar of this Commonwealth, and he shall comply with all the provisions of Rule 217, Pa.
R.D.E.

It is further ORDERED that respondent
shall pay costs to the Disciplinary Board
pursuant to Rule 208(g), Pa.R.D.E.

In the Matter of Martin Luther POLITE.

No. 962 Disciplinary Docket No. 2.
Board File No. C1–93–456.
Supreme Court of Georgia, Nos.
S93Y0720 and S93Y0853.

Supreme Court of Pennsylvania.

Jan. 21, 1994.

*ORDER*

PER CURIAM:

AND NOW, this 21st day of January, 1994,
Martin Luther Polite having been stricken
from the rolls of those authorized to practice
law in Georgia by Order of the Supreme
Court of Georgia dated May 17, 1993; the
said Martin Luther Polite having been directed on September 8, 1993, to inform this
Court of any claim he has that the imposition
of the identical or comparable discipline in
this Commonwealth would be unwarranted
and the reasons therefor; and no response
having been filed, it is

ORDERED that Martin Luther Polite is
disbarred from the practice of law in this
Commonwealth, and he shall comply with all
the provisions of Rule 217, Pa.R.D.E.

---

A few jurisdictions have found that giving the
charge over the defendant's objection is *per se*
reversible error: *Priest v. Indiana,* 270 Ind. 449,
386 N.E.2d 686 (1979); *People v. Hampton,* 394
Mich. 437, 231 N.W.2d 654 (1975); and *Tines v.
Commonwealth,* 77 S.W. 363 (Ky.1903).

Several jurisdictions have adopted the approach which I recommend herein: that although giving the charge over a defendant's objection is not a constitutional violation, the better
approach is to respect the wishes of the defen-
dant; but when the instruction is given under
those circumstances a harmless error analysis is
undertaken: *Hardaway v. State,* 317 Md. 160,
562 A.2d 1234 (Md.1989); *State v. Thompson,*
430 N.W.2d .151 (Minn.1988); *People v.
Anderson,* 153 Ill.App.3d 542, 106 Ill.Dec. 512,
505 N.E.2d 1303 (1 Dist.1987); *Commonwealth
v. Buiel,* 391 Mass. 744, 463 N.E.2d 1172 (1984);
*State v. Rhoades,* 380 A.2d 1023 (Me.1977); *State
v. Kimball,* 176 N.W.2d 864 (Iowa 1970).